BENJAMIN PLUMLEY v. OSCAR C. HEYERDALE.[1]

June 26, 1936.

No. 30,742.

[1]Reported in 268 N. W. 201.

*Fraser & Fraser* and *W. W. Smith,* for appellant.

*Harry H. Peterson,* Attorney General, and *Roy C. Frank,* Deputy Attorney General, for respondent.

HILTON, JUSTICE.

Appeal from an order denying plaintiff's motion to set aside a verdict directed in favor of defendant and to grant a new trial.

Plaintiff was committed, as insane, to the Rochester State Hospital for the Insane by the probate court of Olmsted county on July 24, 1931. August 23, 1933, after a hearing on a petition to restore him to capacity, plaintiff again was found by the probate court to be insane; the petition was denied. August 26, 1933, he was transferred to the Veterans Hospital at St. Cloud, from which institution he was discharged on January 1, 1934.

This action was brought to recover damages from defendant, who was assistant superintendent of the Rochester hospital during the term of plaintiff's confinement there. After having heard all the testimony adduced on behalf of plaintiff, the court directed a verdict in favor of defendant.

This suit was predicated on the grounds that plaintiff was sane during all the time of his confinement; that he was mistreated and abused, for which defendant was responsible; and that defendant had authority to release or could have obtained the release of plaintiff.

The trial court sustained objections to many of the questions asked by plaintiff's counsel, which apparently were intended to prove that plaintiff was not insane during the time he was confined. Those rulings are assigned as error. The question of plaintiff's insanity is not important in this case. There was no showing that defendant had the authority to discharge plaintiff even had it been conclusively proved that plaintiff was sane during all the time of his confinement. 1 Mason Minn. St. 1927, § 4524, provides that the superintendents of hospitals for the insane, in certain instances, "may discharge" patients. "In all other cases, patients shall be

discharged only by the board of control." No statutory authority is given to the assistant superintendent to discharge patients, and that authority cannot be presumed merely because an employe has been given the designation "assistant." Defendant might have had many and varied duties and yet not be possessed of any of the authority belonging to the superintendent. There is nothing in the statute that permits the superintendent to delegate his authority to discharge patients even should he desire to do so.

Plaintiff complains that defendant neglected to recommend that he be discharged. However, plaintiff fails to show that it was the duty of defendant so to do, or that had he done so the recommendation would have been given any consideration. The record indicates that the superintendent had as much, if not more, knowledge of plaintiff's case than did the defendant. The discharge of a patient involves the exercise of judgment and discretion, and no evidence was offered that defendant violated a duty by not urging the superintendent to exercise the judgment or discretion vested in him.

Plaintiff further contends that he was mistreated and abused while in the hospital. For this he seeks to hold defendant liable. It does not appear that plaintiff was subjected to undue hardships, abuse, and regulation considering the type of institution in which he was incarcerated. There were certain unpleasant conditions, but these were corrected when plaintiff objected to them. No evidence was produced of any compensable injury. Here again plaintiff also is confronted with the obstacle that no showing was made of any authority on part of defendant to establish or alter the rules provided for the care and safeguarding of inmates of the hospital. The contention that defendant had the authority because he "had assumed the authority and * * * used it" is untenable.

Plaintiff claims surprise in that he was unprepared to meet the defense of "lack of authority." The complaint alleged that one of defendant's duties was to "advise the discharge and discharge those found cured or not dangerous to themselves or to the public." The answer was a general denial. Lack of authority thus became one of the defenses that could be shown under the pleadings.

The order appealed from is affirmed.